ELECTRONICALLY FILED
Nov 17 2023
U.S. DISTRICT COURT
Northern District of WV

IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

VIRGINIA BLAND,

    Plaintiff,

vs.

FAY SERVICING, LLC,

    Defendant.

Civil Action No. __1:23-CV-93 (Kleeh)__
(formerly Case No. CC-17-2023-C-232
in the Circuit Court of Harrison County)

## NOTICE OF REMOVAL

Defendant, Fay Servicing, LLC (hereinafter "Fay"), by and through undersigned counsel, hereby respectfully gives notice pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 of the removal of this civil action from the Circuit Court of Harrison County, West Virginia to the United States District Court for the Northern District of West Virginia. In support of this Notice of Removal, Fay states as follows:

## BACKGROUND FACTS AND PROCEDURAL POSTURE

1. On October 11, 2023, Plaintiff Virginia Bland ("Plaintiff") commenced this action by filing a Summons and Civil Complaint (hereinafter, the "Complaint") in the Circuit Court of Harrison County, West Virginia, Case No. CC-17-2023-C-232. *See* Civil Complaint attached hereto as **Exhibit A**.

2. Plaintiff's claims therein stem from a deed of trust ("Deed of Trust") executed by her now-deceased husband, Gordon Bland ("Mr. Bland"). *See id.*, at ¶ 4.

3. The relevant loan is secured by Plaintiff's residence, located at 199 Bond Street, Clarksburg, WV (hereinafter, the "Property").

4. Plaintiff alleges that Mr. Bland passed away in 2011. *Id.*

5. Plaintiff brings this suit seeking recovery upon two theories. Count I alleges certain unlawful debt collection actions in violation of the West Virginia Consumer Credit and Protection Act ("WVCCPA"), West Virginia Code § 46A-2-101, *et seq*. See **Exhibit A**, at ¶¶ 32-38. Count II alleges violations of the federal Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, *et seq*. See **Exhibit A**, at ¶¶ 39-54. Both counts relate directly to the Deed of Trust and servicing of the same following Mr. Bland's death.

6. Specifically, Plaintiff claims that Fay has failed to allow Plaintiff to assume the loan secured by the Deed of Trust and that Fay, on or around December 2022, stopped applying payments to the loan. *Id.*, at ¶¶ 13-16.

7. Fay is a corporate entity organized under the laws of Delaware, with a principal place of business in Tampa, Florida, who first received notice of this action on October 23, 2023. Accordingly, fewer than thirty days have passed since the service of the Complaint on Fay.

8. For these reasons and as more fully set forth below, this case is subject to federal question jurisdiction.

## COMPLIANCE WITH THE FEDERAL REMOVAL STATUTE

9. Pursuant to 28 U.S.C. § 1446(b), the deadline for a defendant to remove an action is thirty days after service of the Complaint.

10. As previously stated, Fay was first served with the Complaint in this matter on October 23, 2023. This Notice of Removal is therefore timely pursuant to 28 U.S.C. § 1446(b), as it is filed within thirty days after Fay received service of a copy of Plaintiff's initial pleadings which set forth the basis for removal.

11.    Further, 28 U.S.C. § 1446(a) requires that an action being removed be done "in the district court of the United States for the district and division within which such action is pending…"

12.    This Notice of Removal is properly filed in the United States District Court for the Northern District of West Virginia pursuant to 28 U.S.C. § 1446(a), as the Harrison County, West Virginia Circuit Court is within the Clarksburg division of this federal judicial district.

13.    This Notice of Removal is signed and attested to pursuant to Rule 11 of the Federal Rules of Civil Procedure.

14.    Written notice of the filing of this Notice of Removal will be provided to the Plaintiff, and a copy of this Notice of Removal will simultaneously be filed in the Harrison County Circuit Court, as is required by 28 U.S.C. § 1446(d). Additionally, the Docket Sheet from the State Court Action is attached hereto as **Exhibit B**.

## GROUNDS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

15.    Pursuant to 28 U.S.C. § 1331, "[t]he district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This form of jurisdiction is proper in suits "in which federal law creates the cause of action." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229, 3232 (1986).

16.    The Complaint specifically alleges violations of RESPA and seeks relief based upon the same. **Exhibit A**, at ¶ 39-54. Because these claims arise under federal statute(s), they fall within the Court's original jurisdiction. 28 U.S.C. § 1331; *see also*, 12 U.S.C. § 2614 (providing for federal jurisdiction over RESPA claims).

17.    Plaintiff's claims brought under the WVCCPA are inextricably related to Fay's alleged actions in servicing the loan in question. This Court therefore has supplemental jurisdiction

over all remaining state law claims pursuant to 28 U.S.C. § 1367, as such claims "are so related to claims in the action within [this Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *see also Skidmore v. Norfolk S. Ry. Co.*, No. 2:18-CV-01308, 2019 WL 1748533, at *2 (S.D.W. Va. Apr. 18, 2019), aff'd, 1 F.4th 206 (4th Cir. 2021).

18. Accordingly, this Court may properly assert jurisdiction over all claims set forth in the Complaint in this action.

19. Fay respectfully reserves the right to amend or supplement this Notice of Removal as may be appropriate.

WHEREFORE, Defendant Fay Servicing, LLC respectfully removes this action from the Circuit Court of Harrison County, West Virginia, and hereby gives notice that no further action by the Circuit Court shall take place unless this action be remanded by the United States District Court for the Northern District of West Virginia.

FAY SERVICING, LLC

/s/ Randall L. Saunders
Randall L. Saunders, Esq. (WVBN 10162)
Connor D. Hicks, Esq. (WVBN 14068)
Nelson Mullins Riley & Scarborough LLP
949 Third Avenue, Suite 200
Huntington, WV 25701
Telephone: (304) 526-3500
Facsimile: (304) 526-3599
randy.saunders@nelsonmullins.com
connor.hicks@nelsonmullins.com

***Counsel for Defendant Fay Servicing, LLC***

IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

VIRGINIA BLAND,  Civil Action No. __1:23-CV-93 (Kleeh)__
        Plaintiff,  (formerly Case No. CC-17-2023-C-232
                                      in the Circuit Court of Harrison County)

vs.

FAY SERVICING, LLC,
        Defendant.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on the 17th day of November, 2023, the foregoing *"Notice of Removal"* was filed with the Court through the Court's CM/ECF system, which will automatically send notification to the following:

Benjamin M. Sheridan, Esq.
Jed Nolan, Esq.
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, West Virginia 25526
ben@kleinsheridan.com
jed@kleinsheridan.com


/s/ Randall L. Saunders_____