**IN THE UNITED STATE DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**AT CLARKSBURG**

VIRGINIA BLAND,                                    Civil Action No. 1:23-cv-00093
                Plaintiff,

    vs.

FAY SERVICING, LLC,
                Defendant.

## <u>ANSWER AND AFFIRMATIVE DEFENSES</u>

COMES NOW Defendant Fay Servicing, LLC ("Defendant" or "Fay"), by and through undersigned counsel, and states as follows for its Answer and Affirmative Defenses to the Plaintiff Virginia Bland's ("Plaintiff") Complaint (hereinafter, the "Complaint"). Any allegations set forth in Plaintiff's Complaint that are not specifically admitted herein are hereby denied.

## <u>FIRST DEFENSE</u>

The Complaint fails to state a cause of action against the Defendant upon which relief may be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## <u>SECOND DEFENSE</u>

1.      Answering Paragraph 1 of the Complaint, Defendant denies the allegations contained therein and demands strict proof thereof.

## PARTIES

2.      (a)      Answering Paragraph 2(a) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same and demands strict proof thereof.

(b)     Answering Paragraph 2(b) of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same and demands strict proof thereof.

3.     Answering Paragraph 3 of the Complaint, Defendant admits the allegations contained therein in part and denies them in part. Defendant admits that it is a national company organized under the laws of Delaware and does business in West Virginia. With respect to the remaining averment set forth in Paragraph 3 of the Complaint, Defendant denies this averment and demands strict proof thereof.

## STATEMENT OF FACTS

4.     Answering Paragraph 4 of the Complaint, Defendant states that the referenced deed of trust speaks for itself and Defendant denies any allegations inconsistent therewith and demands strict proof thereof.

5.     Answering Paragraph 5 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same and demands strict proof thereof.

6.     Answering Paragraph 6 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same and demands strict proof thereof.

7.     Answering Paragraph 7 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same and demands strict proof thereof.

8.      Answering Paragraph 8 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same and demands strict proof thereof.

9.      Answering Paragraph 9 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same and demands strict proof thereof.

10.     Answering Paragraph 10 of the Complaint, Defendant denies the allegations contained therein and demands strict proof thereof.

11.     Answering Paragraph 11 of the Complaint, Defendant denies the allegations contained therein and demands strict proof thereof.

12.     Answering Paragraph 12 of the Complaint, Defendant admits the allegations contained therein.

13.     Answering Paragraph 13 of the Complaint, Defendant denies the allegations contained therein and demands strict proof thereof.

14.     Answering Paragraph 14 of the Complaint, Defendant denies the allegations contained therein and demands strict proof thereof.

15.     Answering Paragraph 15 of the Complaint, Defendant admits the allegations contained therein.

16.     Answering Paragraph 16 of the Complaint, Defendant admits the allegations contained therein.

17.     Answering Paragraph 17 of the Complaint, Defendant admits the allegations contained therein.

18.     Answering Paragraph 18 of the Complaint, Defendant denies any allegation relating to "the refusal to process the loan assumption" and demands strict proof thereof. With respect to the remaining averments set forth in Paragraph 18, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same and demands strict proof thereof.

19.     Answering Paragraph 19 of the Complaint, Defendant admits the allegations contained therein in part. Defendant admits that it received a letter from the Plaintiff in or around January 2023. As to the remaining allegations contained in Paragraph 19, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same and demands strict proof thereof.

20.     Answering Paragraph 20 of the Complaint, Defendant admits the allegations contained therein.

21.     Answering Paragraph 21 of the Complaint, Defendant admits the allegations contained therein.

22.     Answering Paragraph 22 of the Complaint, Defendant admits the allegations contained therein.

23.     Answering Paragraph 23 of the Complaint, Defendant admits the allegations contained therein

24.     Answering Paragraph 24 of the Complaint, Defendant admits the allegations contained therein.

25.     Answering Paragraph 25 of the Complaint, Defendant denies the allegations contained therein and demands strict proof thereof.

26.     Answering Paragraph 26 of the Complaint, Defendant denies the allegations contained therein and demands strict proof thereof.

27.     Answering Paragraph 27 of the Complaint, Defendant states that Paragraph 27 does not contain any averments which require a response. To the extent a response is deemed required, Defendant states it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same and demands strict proof thereof.

28.     Answering Paragraph 28 of the Complaint, Defendant denies the allegations contained therein and demands strict proof thereof.

29.     Answering Paragraph 29 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same and demands strict proof thereof.

30.     Answering Paragraph 30 of the Complaint, Defendant states that Paragraph 30 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same and demands strict proof thereof.

31.     Answering Paragraph 31 of the Complaint, Defendant states that Paragraph 31 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same and demands strict proof thereof.

## COUNT I – UNLAWFUL DEBT COLLECTION[1]

32.     Defendant incorporates and reasserts by reference all answers contained in Paragraphs 1 through 31 as through each were fully set forth herein.

---

[1] Defendant follows Plaintiff's headings for ease of reference, but denies any allegations contained therein.

33.     Answering Paragraph 33 of the Complaint, Defendant denies the allegations contained therein and demands strict proof thereof.

34.     Answering Paragraph 34 of the Complaint, Defendant denies the allegations contained therein and demands strict proof thereof.

35.     Answering Paragraph 35 of the Complaint, Defendant denies the allegations contained therein.

36.     Answering Paragraph 36 of the Complaint, Defendant denies the allegations contained therein and demands strict proof thereof.

37.     Answering Paragraph 37 of the Complaint, Defendant denies the allegations contained therein and demands strict proof thereof.

38.     Answering Paragraph 38 of the Complaint, Defendant denies the allegations contained therein and demands strict proof thereof.

## COUNT II – VIOLATION OF REGULATION X

39.     Defendant incorporates and reasserts by reference all answers contained in Paragraphs 1 through 38 as through each were fully set forth herein.

40.     Answering Paragraph 40 of the Complaint, Defendant states that Paragraph 40 does not contain any averments which require a response. To the extent a response is deemed required, Defendant states that the statute(s) referenced therein speaks for itself, and Defendant denies any allegation inconsistent therewith.

41.     Answering Paragraph 41 of the Complaint, Defendant states that Paragraph 41 does not contain any averments which require a response. To the extent a response is deemed required, Defendant states that the regulation(s) referenced therein speaks for itself, and Defendant denies any allegation inconsistent therewith.

42.     Answering Paragraph 42 of the Complaint, Defendant denies the allegations contained therein and demands strict proof thereof.

43.     Answering Paragraph 43 of the Complaint, Defendant admits the allegations contained therein and demands strict proof thereof.

44.     Answering Paragraph 44 of the Complaint, Defendant admits the allegations contained therein and demands strict proof thereof.

45.     Answering Paragraph 45 of the Complaint, Defendant states that Paragraph 45 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant states that the statute(s) referenced therein speaks for itself, and Defendant denies any allegation inconsistent therewith.

46.     Answering Paragraph 46 of the Complaint, Defendant states that Paragraph 46 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant states that the statute(s) referenced therein speaks for itself, and Defendant denies any allegation inconsistent therewith.

47.     Answering Paragraph 47 of the Complaint, Defendant denies the allegations contained therein and demands strict proof thereof.

48.     Answering Paragraph 48 of the Complaint, Defendant states that Paragraph 48 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant states that the statute(s) referenced therein speaks for itself, and Defendant denies any allegation inconsistent therewith.

49.     Answering Paragraph 49 of the Complaint, Defendant states that Paragraph 49 sets forth a legal conclusion to which no response is required. To the extent a response is deemed

required, Defendant states that the statute(s) referenced therein speaks for itself, and Defendant denies any allegation inconsistent therewith.

50.     Answering Paragraph 50 of the Complaint, Defendant states that Paragraph 50 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained therein and demands strict proof thereof.

51.     Answering Paragraph 51 of the Complaint, Defendant denies the allegations contained therein and demands strict proof thereof.

52.     Answering Paragraph 52 of the Complaint, Defendant denies the allegations contained therein and demands strict proof thereof.

53.     Answering Paragraph 53 of the Complaint, Defendant denies the allegations contained therein and demands strict proof thereof.

54.     Answering Paragraph 54 of the Complaint, Defendant denies the allegations contained therein and demands strict proof thereof.

Answering the unnumbered Paragraph on Page 7 of the Complaint beginning "WHEREFORE" and its subparts, Defendant denies that Plaintiff is entitled to the relief requested and/or any relief whatsoever from this Defendant.

## THIRD DEFENSE

Each and every allegation contained in the Complaint that is not specifically admitted herein is expressly denied. Furthermore, Defendant specifically denies any liability to Plaintiff for the demand for judgment or for any other sum.

## FOURTH DEFENSE

Plaintiff's damages, if any exist and are proven at trial, were proximately caused by Plaintiff's own acts or omissions or other third parties, and not by the acts or omissions of

Defendant.

## FIFTH DEFENSE

Defendant affirmatively asserts that any damages in this action were the result of the action or inaction of the Plaintiff.

## SIXTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrine of unclean hands or *in pari delicto* or to the extent Plaintiff failed to comply with any contractual obligations.

## SEVENTH DEFENSE

The alleged acts or omissions of Defendant, which are expressly denied, were not the actual or proximate cause of any damages allegedly suffered by the Plaintiff.

## EIGHTH DEFENSE

At all times, and with respect to all matters alleged herein, Defendant acted reasonably, prudently, in good faith, with good cause, and within the parties' reasonable expectations.

## NINTH DEFENSE

Any violations of the West Virginia Consumer Credit and Protection Act, which are expressly denied, were unintentional or the result of a bona fide error of fact, notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation or error; as such, no liability may be imposed and the validity of the transaction is not affected pursuant to West Virginia Code § 46A-5-101(8).

## TENTH DEFENSE

Defendant has not received sufficient notice of its right to cure and opportunity to cure pursuant to W. Va. Code § 46A-5-108.

## ELEVENTH DEFENSE

Plaintiff's claims are barred or limited by the terms and conditions contained in the signed

agreement(s), if any, between Plaintiff and Defendant.

## TWELFTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

## THIRTEENTH DEFENSE

For Plaintiff's claim that Defendant violated the West Virginia Consumer Credit and Protection Act, damages, if any, would be limited to those set forth in West Virginia Code § 46A-5-101(1).

## FOURTEENTH DEFENSE

Plaintiff's claims may be preempted, in whole or in part, by federal law.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

## SIXTEENTH DEFENSE

Defendant asserts the affirmative defenses of contributory and/or comparative fault and assumption of risk, and such other defenses as may be available to it under Rules 8 and 12 of the Federal Rules of Civil Procedure, other applicable statutory authority, and the common law, if some or all of these defenses are available under the facts to be developed in this case.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred to the extent that she consented to, acquiesced in, and/ or ratified the alleged acts or omissions of Defendant, which are expressly denied.

## EIGHTEENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by waiver, equitable estoppel, or laches.

## NINETEENTH DEFENSE

Plaintiff has suffered no damages.

**TWENTIETH DEFENSE**

To the extent supported by the facts of this case, the attorney fees, costs and expenses sought to be recovered by Plaintiff are neither reasonable nor necessary.

**TWENTY-FIRST DEFENSE**

Defendant reserves the right to assert such claims, whether crossclaims, third-party claims or other claims for indemnification and contribution, as investigation and discovery may prove applicable.

**TWENTY-SECOND DEFENSE**

To the extent that any damages, which are expressly denied, are supported by the facts and circumstances of this case, Defendant is entitled to a setoff for amounts owed to it pursuant to the promissory note and the deed of trust.

**TWENTY-THIRD DEFENSE**

If Plaintiff has been damaged, which Defendant denies, any recovery by the Plaintiff is barred to the extent Plaintiff has failed to mitigate alleged damages and any recovery shall not include damages that could or should have been avoided by reasonable care and diligence by the Plaintiff or any party acting on her behalf.

**TWENTY-FOURTH DEFENSE**

Plaintiff is not entitled to punitive damages as Defendant did not act or fail to act in a manner sufficient to give rise to punitive damages liability.

**TWENTY-FIFTH DEFENSE**

To the extent supported by the facts and circumstances of this case, Defendant preserves all other defenses pertaining to jurisdiction, venue, failure to join one or more indispensable parties, and failure to mitigate damages.

## TWENTY-SIXTH DEFENSE

Defendant reserves the right to assert or plead any additional affirmative defenses of which it is not currently aware and/or which may be adduced through further discovery, investigation, court order, and/or at trial.

**WHEREFORE**, having fully answered the Complaint, Defendant prays as follows:

1. That Plaintiff take nothing by virtue of the Complaint;

2. That judgment be entered in favor of Defendant;

3. That Defendant be awarded its costs and attorneys' fees incurred in the defense of this action; and

4. For all such other and further relief as this Honorable Court deems just and proper.

## JURY TRIAL DEMANDED

FAY SERVICING, LLC

/s/ Randall L. Saunders
Randall L. Saunders, Esq.
Connor D. Hicks, Esq.
Nelson Mullins Riley & Scarborough LLP
949 Third Avenue, Suite 200
Huntington, WV 25701
Telephone: (304) 526-3500
Facsimile: (304) 526-3599
randy.saunders@nelsonmullins.com
connor.hicks@nelsonmullins.com

*Counsel for Defendant Fay Servicing, LLC*

**IN THE UNITED STATE DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**AT CLARKSBURG**

VIRGINIA BLAND,                                    Civil Action No. 1:23-cv-00093
                           Plaintiff,

          vs.

FAY SERVICING, LLC,
                           Defendant.

<u>**CERTIFICATE OF SERVICE**</u>

          The undersigned attorney hereby certifies that on the 22nd day of November, 2023, the

foregoing ***"Answer and Affirmative Defenses"*** was filed with the Court through the Court's

CM/ECF system, which will automatically send notification to the following:


Benjamin M. Sheridan, Esq.
Jed Nolan, Esq.
Klein & Sheridan, LC
3566 Teays Valley Road
Hurricane, West Virginia 25526
ben@kleinsheridan.com
jed@kleinsheridan.com



                                                  /s/ Randall L. Saunders_____